IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ismael Torres, ) | |
| ) | C/A No.: 4:07-3489-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On July 8, 2004, Plaintiff Ismael Torres filed an application for a period of disability and disability insurance benefits, as well as an application for supplemental security income. Plaintiff alleged disability commencing June 13, 2003 because of coronary artery disease, depression, and syncopal episodes. The applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on June 12, 2006. On October 5, 2006, the ALJ issued a decision that Plaintiff was not disabled under sections 216(i), 223(d), or 1614(a)(3)(A) of the Social Security Act. On August 24, 2007, the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation. On February 2, 2009, the Magistrate Judge filed a Report and Recommendation in which he determined that the ALJ had failed to adequately explain how he concluded that objective evidence does not support Plaintiff's subjective complaints before finding that Plaintiff was not credible, and that the

ALJ erred in relying upon the Medical-Vocational Guidelines to deny the claim and failing to obtain expert vocational testimony when a significant nonexertional impairment was present. Accordingly, the Magistrate Judge recommended that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g) and the case remanded for further administrative action. No party filed objections to the Report and Recommendation. On February 18, 2009, the Commissioner filed a notice that he would not file objections to the Report and Recommendation.

The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly,

It is ORDERED that the Commissioner's decision be reversed pursuant to sentence four of § 405(g) and the case be remanded for further administrative proceedings as set forth herein and in the Report and Recommendation.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 24, 2008.